SCHUMAN *v.* SCHMUCK.

4-8768 217 S. W. 2d 827

Opinion delivered February 28, 1949.

*Wm. J. Kirby,* for appellant.

*Heartsill Ragon,* for appellee.

GEORGE ROSE SMITH, J. The real property involved in this case was owned by Frederick Schmuck at the time of his death in 1925. His widow, Kate Schmuck,

occupied it as her homestead until her own death in 1947. The property forfeited to the State for non-payment of the 1932 taxes. In 1939 appellant Schuman purchased it from the State, and on February 6, 1940, he conveyed to appellant Kaplan.

The appellees, heirs of Frederick Schmuck, brought this action to cancel the State's deed to Schuman and Schuman's deed to Kaplan, as clouds on their title. Among other contentions appellees rely on Kate Schmuck's adverse possession from the date of Schuman's purchase until her death—a period of more than seven years—as defeating any claim of title Kaplan might have. This issue is determinative of the case. Although Mrs. Schmuck's possession under her homestead right was not adverse to the heirs' interest, it was adverse to the appellants and extinguished whatever title they acquired from the State. In *Johnson* v. *Johnson,* 106 Ark. 9, 152 S. W. 1017, we held that the widow's possession by virtue of her dower and homestead rights may be adverse to the title of a third person and inures to the benefit of the heirs. The same principle applies to' possession under the homestead right alone.

Appellants insist that the running of the statute was' interrupted by the filing of an ejectment suit by Schuman' against Kate Schmuck on March 21, 1940, the action having been allowed to pend without final hearing until it was abated by Mrs. Schmuck's death. But a grantee's right to rely, by privity of contract, upon his grantor's conduct is limited to instances in which the grantor asserted claim to the same title that passed to the grantee. Here Shuman filed suit in his own name after conveying to Kaplan by quitclaim deed; so it cannot be said that his complaint amounted to an assertion of the title then vested in Kaplan.

Affirmed.